IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEBORAH STRID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 05-4371-CV-C-NKL |
| ) | 06-4161-CV-C-NKL |
| SQUARE D COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Deborah Strid ("Strid") was fired from her job with Defendant Square D Company ("Square D"). Strid contends she was fired because she is an alcoholic. In separate state court actions, Strid sued Square D for discriminating against her on the basis of her alcoholism in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.*, for subjecting her to a hostile work environment in violation of the ADA, and for publicly disclosing her alcoholism in violation of Missouri state law. Square D removed Strid's state court actions, which were consolidated into the above captioned case.

Pending before the Court is Square D's Motion for Summary Judgment [Doc. # 49]. For the reasons set forth herein, Square D's motion will be granted.

**I.    Facts**

1

Square D is a corporation that manufactures electrical transmission and distribution equipment. Square D employed Strid from January 1979 until her termination in March 2004. At the time of her termination, Strid held the position of Human Resources Coordinator and reported to Gail Conley. Conley, in turn, reported to Stan Greene who was a Human Resources Manager.

In 1999, Strid visited the Valley Hope substance abuse treatment facility at which time she was diagnosed with alcoholism. She had never received treatment for alcoholism prior to 1999. From 1999 through 2002, Strid received four to seven-day treatments at Valley Hope on approximately three occasions. Between 1999 and 2003, Strid told two Square D employees–Suzy Kemp in 1999 and Conley in November of 2003–that she was receiving treatment for alcoholism. At one point, Strid called Conley from Valley Hope. Conley supported Strid and advised her that she should "stay there as long as she needed to." A few days later, Strid again called Conley. During this phone conversation Conley told Strid that she had informed Greene of Strid's condition. Upon Strid's return to work, Conley told her that she had also informed Plant Manager Doug Frevert about Strid's condition.

At no time did Strid's alcoholism affect her job performance. Strid was never under the influence of alcohol while at work from the date she commenced treatment in 1999 through her termination in March 2004, and she consumed no alcohol after her November 2003 inpatient treatment until her termination.

Though she was able to adequately perform her job duties, Strid's alcoholism forced her to stop going to after work functions because she was frequently exhausted. She also had nighttime panic and anxiety attacks in January 2004. Notwithstanding her anxiety and exhaustion, Strid continued to drive her vehicle, walk trails and ride her bike.

On March 18, 2004, Strid's vehicle struck another vehicle in the company parking lot. Strid did not return to the facility to report the accident. Instead, she immediately went home and did not report to work the next day.

On the morning of March 19, Greene called Strid at home to ask about the accident. Strid first denied knowledge of the accident but later admitted her involvement. Greene advised her that Square D was investigating the incident and that she should not come onto Square D property until the investigation was completed. Later, Greene informed Strid by telephone that her employment was being terminated. Strid's employment was terminated effective March 22, 2004.

## II. Discussion

### A. Strid's Discrimination Claim

Strid claims Square D discriminated against her when it terminated her employment in violation of the Americans with Disabilities Act and the Missouri Human Rights Act.[1] According to Strid, she was fired because she is an alcoholic.

Strid's discrimination claims are evaluated under the *McDonnell Douglas* three-step burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-

---

[1] Strid's claims under the ADA and the Missouri Human Rights Act are governed by the same standard. *Mathews v. Trilogy Communications, Inc.*, 143 F.3d 1160, 1164 n. 5 (8th Cir. 1998).

3

04 (1973). Under this framework, a plaintiff must first make out a prima facie case. Once a plaintiff has made a prima facie case, there is a presumption of discriminatory conduct by the employer. The employer may shift the burden of production back to the plaintiff by presenting a legitimate, non-discriminatory reason for its conduct. *Haas v. Kelly Services, Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005) (citations omitted) (setting forth the burden-shifting framework). If the employer satisfies its burden of production, then the presumption of unlawful conduct disappears and the plaintiff is required to prove by a preponderance of the evidence that the employer's stated reason was pretext for unlawful conduct creating an inference that discrimination was the true reason. *Haas*, 409 F.3d at 1035.

In this case, Strid's discrimination claim fails because she is unable to prove the first required element of her prima facie case. A prima facie case is proved by showing that: (1) Strid has a disability within the meaning of the ADA; (2) she was qualified to perform the essential functions of her position; and (3) she was discharged under circumstances giving rise to an inference of unlawful discrimination. *Epps v. City of Pine Lawn*, 353 F.3d 588, 592 (8th Cir. 2003).

To prove that she has a disability within the meaning of the ADA, Strid must submit evidence that her alcoholism is a physical or mental impairment that substantially limits one or more of her major life activities or that there is a record of such impairment.

4

42 U.S.C. §§ 12102(2)(A) and 12102(2)(B). Alternatively, Strid could submit evidence that Square D regarded her as being impaired by alcoholism. 42 U.S.C. § 12102(2)(C).[2]

Strid has submitted no evidence that her alcoholism substantially limits any of her major life activities. In fact, she testified that she was always able to perform her job duties at Square D, that she never came to work under the influence of alcohol and that she did not consume any alcohol for the five months preceding her termination. Strid further testified that she is able to drive her car and enjoys walking and bike riding. The only limitation Strid testified to was an inability to "go out" or "do much" at the end of the workday because she was too tired. An inability to engage in evening socializing does not constitute a substantial limitation of a major life activity for purposes of the ADA. *Weber v. Strippit, Inc.*, 186 F.3d 907, 912 (8th Cir. 1999) (noting that major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working . . . sitting, standing, lifting and reaching"). Strid has not shown that alcoholism is a physical or mental impairment that substantially limits one or more of her major life activities or that there is a record of such impairment.

Strid may also establish a disability within the meaning of the ADA if she submits evidence that Square D regarded her as being impaired by alcoholism. The only evidence

---

[2] Strid argues that "the Eighth Circuit has suggested and established that alcoholism is a disability, *per se*." [Strid's Opp. at 3.] No case known to this Court and none of the cases cited by Strid establish alcoholism as a disability per se. *See, generally, Wallin v. Minnesota Dep't of Corrections*, 153 F.3d 681, 686 (8th Cir. 1998) (evaluating alcoholism disability using 42 U.S.C. 12102(2)'s criteria).

submitted by Strid is her affidavit in which she states: "There is no question that my supervisor regarded alcoholism as a condition that was ongoing. My alcoholism, although not active from the time I was fired, was longstanding. I have been in numerous inpatient alcohol treatment, outpatient programs, and counseling. The treatments were paid through my Square D insurance and my condition and history were known by my supervisors." [Strid. Aff. ¶ 8.]

Though Square D was aware of Strid's alcoholism, the record contains no evidence that Square D limited Strid's work, considered Strid's performance unsatisfactory or gave Strid any sort of treatment-or-discharge ultimatum. *Miners v. Cargill Communications, Inc.*, 113 F.3d 820, 824 (8th Cir. 1997) (noting that treatment-or-discharge ultimatum constitutes evidence that employer regarded employee as disabled). The fact that Square D was aware of Strid's alcoholism is insufficient to establish that Square D regarded Strid as disabled under 42 U.S.C. § 12102(2). *Acucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1320 (8th Cir. 1996) (holding that in the absence of evidence suggesting employer perceived or treated employee as having a substantially limiting impairment, "the fact that [employer] was aware of [employee's] medical problems is insufficient to establish that [employer] 'regarded' [employee] as disabled under 42 U.S.C. § 12102(2)."). Strid has not shown that Square D "regarded" her as disabled.

Therefore, Strid has not proved the first required element of her prima facie case and summary judgment must be granted to Square D as to this claim.

### B. Strid's Hostile Work Environment Claim

To establish a hostile work environment claim under the ADA, Strid must prove that: (1) she was a member of the class of people protected by the statute; (2) she was subjected to unwelcome harassment; (3) the harassment resulted from her membership in the protected class; and (4) the harassment was severe enough to affect the terms, conditions, or privileges of her employment. *Shaver v. Independent Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003). The Court, however, need not determine whether Strid was subjected to a hostile work environment under the ADA because the ADA's employment provisions only protect qualified individuals with a disability. *Id*. In the previous section, the Court found that Strid is not disabled as defined by the ADA. Strid's hostile work environment claim is not actionable.

Even if Strid's hostile work environment claim were actionable, Strid has not asserted that she was subjected to unwelcome harassment. Strid's only assertion is that Square D's "employment practices . . . were discriminatory, intentional, continuous and constitute the creation and maintenance of a hostile work environment and unlawful treatment of [Strid] as a direct result of her disability and the perceived disability of [Strid] by [Square D]." [First Am. Complaint ¶ 7.] Strid neither explains, nor submits evidence of the offensive "employment practices" other than to complain about her own termination. Even if her claim was actionable, Strid has submitted no evidence that she suffered harassment that was "severe and pervasive enough to create . . . an environment

that a reasonable person would find hostile or abusive." *Id*. at 721 (quotation omitted). Therefore, Square D's Motion for Summary Judgment is granted as to this claim.

### C. Strid's Privacy Claim

In her June 2, 2006 Petition, Strid asserts a state tort claim of public disclosure of private facts on the ground that Square D, without her authorization, "disclosed Plaintiff's medical condition, treatment and condition to third parties, including but not limited to, unauthorized employees and individuals in the general community of the industry and business in which defendant was engaged and in which Plaintiff was employed." [Pet. ¶ 8.] The four elements required for Strid's cause of action are: "(1) publication or publicity, (2) absent any waiver or privilege, (3) of private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities." *Childs v. Williams*, 825 S.W.2d 4, 7 (Mo. Ct. App. 1992).

"The element of publication means a communication to the public in general or to a large number of persons." *Balke v. Ream*, 33 S.W.3d 589, 594 (Mo. Ct. App. 2000) (citation omitted). It is undisputed that Conley (Strid's supervisor) told Greene (Conley's supervisor and Human Resources Manager) and Frevert (the plant manager) about Strid's condition. Conley's disclosure of Strid's alcoholism to Greene and Frevert was not a communication to the public in general nor a large number of persons.

Strid has submitted no additional admissible evidence that Square D ever communicated her private facts to any third party, much less the public in general. The only assertions Strid makes regarding Square D's publication of her alcoholism are: (1)

8

Strid's affidavit testimony that "[She has] personal knowledge that [her] condition was made known to persons outside the work environment" [Strid Aff. ¶ 8], and (2) Strid's deposition testimony that a professional acquaintance named Debbie told her that Debbie's boss told Debbie that Conley told Debbie's boss that Strid was a bad alcoholic. [Strid Dep. pp. 118-120.] Neither of Strid's assertions constitute admissible evidence that Square D publicized her alcoholism. Therefore, Strid has not established the first required element of her privacy claim and Square D's Motion for Summary Judgment must be granted as to this claim.

**III.  Conclusion**

Accordingly, it is hereby

ORDERED that Square D's Motion for Summary Judgment [Doc. # 49] is GRANTED.

    s/   Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 5, 2007
Jefferson City, Missouri